**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:08CV-00040-JHM**
**CRIMINAL ACTION NO. 1:05CR-00044-JHM**

**DORA BROWN**                                               **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                **RESPONDENT/PLAINTIFF**

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

The movant/defendant, Dora Brown ("Brown"), proceeding *pro se*, has filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255(DN 88). The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for an evidentiary hearing, if deemed appropriate, and findings of fact and recommendations for disposition (DN 42).

The respondent/plaintiff, United States of America ("United States"), has filed a response to the motion (DN 90). Specifically, the United States argues that Brown waived her right to file a § 2255 motion and there is no merit to her claim of ineffective assistance of counsel during sentencing (DN 90). The undersigned concludes an evidentiary hearing is not necessary as the record is adequately developed. This matter is now ripe for determination.

FINDINGS OF FACT

On September 7, 2005, a federal Grand Jury in the Western District of Kentucky issued an 8-count indictment against Brown and her co-defendants, Steven Hedgecough ("Hedgecough") and Christopher Gregory ("Gregory") (DN 1). Count 4 of the indictment charged that Brown, Hedgecough, and Gregory each aided and abetted by the other, attempted to knowingly and intentionally manufacture 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (DN 1). Count 5 charged that Brown, Hedgecough, and Gregory each aided and abetted by the other, knowingly and intentionally possessed a listed chemical, pseudoephedrine, with intent to manufacture methamphetamine (DN 1). Count 6 charged that Brown and Hedgecough, each aided and abetted by the other, possessed, in furtherance of a drug trafficking crime, a loaded .22 caliber rifle (DN 1).

Brown entered into a plea agreement with the United States (DN 60). The plea agreement includes a provision whereby Brown waived her "right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed.R.App.P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his [sic] conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, for any reason" (DN 60, Paragraph 13). Brown signed the written plea agreement on December 19, 2006 (DN 60 at Page 8). Immediately above Brown's signature is an attestation that she read the plea agreement, carefully reviewed every part of it with her attorney, fully understood it and voluntarily agreed to it (DN 60 at Page 8). Brown's counsel also signed the plea agreement on December 19, 2006 (DN 60 at Page 8). Immediately above defense counsel's signature is an attestation that he carefully reviewed every part of the plea agreement with Brown and that to his knowledge Brown's decision to enter into the plea agreement is an informed and voluntary one (DN 60 at Page 8).

During the change of plea hearing on December 19, 2006, Brown advised the District Judge of her desire to withdraw her previously entered pleas of not guilty and enter a plea of guilty as to Count 4 of the indictment, pursuant to the Rule 11(c)(1)(A) and (B) plea agreement with the United States (DN 61; DN 62, Transcript of Change of Plea Hearing at Pages 2-20). After examining Brown, under oath, the District Judge found that Brown was competent to enter the plea; the plea was knowing, voluntary and with the advice of counsel; Brown understood her Constitutional rights and waived them; and a factual basis for the plea had been established (DN 61; DN 62 at Pages 2-20). The District Judge accepted Brown's plea and set a date for the sentencing hearing (DN 61; DN 62, Transcript of Change of Plea Hearing at Page 20).

Notably, during the change of plea hearing there was a colloquy involving the District Judge, counsel for the parties, and Brown regarding the waiver provision in Paragraph 13 of the plea agreement (DN 62, Transcript at Pages 7-9). During this colloquy, Brown confirmed her understanding that she was giving up her right to collaterally attack her conviction and sentence as well as assert a claim of ineffective assistance of counsel (DN 62, Transcript of Change of Plea Hearing at Pages 7-9).

During the change of plea hearing on March 12, 2007, the District Judge sentenced Brown to a total term of 63 months as to Count 4 of the indictment (DN 71 at Page 3). The District Judge ordered her sentence to run concurrent to a State court sentence of imprisonment that Brown was serving as a result of a conviction before the Edmonson Circuit Court (DN 71 at Page 3). The District Judge also imposed a 4 year term of supervised release (DN 71 at Page 4). The judgment and commitment order was entered on March 12, 2007 (DN 71).

Plaintiff originally filed her § 2255 motion on March 10, 2008 (DN 82). However,

the United States pointed out in its response that she had failed to set forth any ground for relief (DN 83). For this reason, the District Judge ordered that Brown file a new § 2255 motion form that sets forth the ground or grounds upon which she is seeking relief (DN 87).

Brown filed her new § 2255 motion on July 28, 2008 (DN 88). The sole ground for relief is a claim that she received ineffective assistance of counsel during sentencing and, as a result, her sentence is too severe (DN 88 at Page 5).

CONCLUSIONS OF LAW

A

In order to obtain relief under 28 U.S.C. § 2255 on the basis of non-Constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (*per curiam*), cert. denied, 508 U.S. 943 (1993). In order to obtain relief under § 2255 on the basis of a Constitutional error, the record must reflect an error of Constitutional magnitude that has a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

B

The undersigned will now address the issue of whether Brown's § 2255 motion is barred as a result of the waiver provision at Paragraph 13 in the plea agreement. In filing her § 2255 motion, Brown has overlooked a key term of the plea agreement. Specifically, she waived the right

to file a § 2255 motion challenging her conviction and sentence (DN 60, Paragraph 13). The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. See e.g. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Additionally, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."

By signing the written plea agreement Brown attested to knowingly, intelligently, and voluntarily agreeing to all of its terms (DN 60 at Page 8). Furthermore, Brown's answers to the Court's questions during the change of plea hearing indicate she knowingly, intelligently, and voluntarily waived her right to collaterally attack her conviction and sentence as well as assert a claim of ineffective assistance of counsel (DN 62, Transcript of Change of Plea Hearing at Pages 7-9). In sum, Brown is precluded from bringing her claim of ineffective assistance of counsel. Davila, 258 F.3d at 451.

Since the undersigned recommends the Court dismiss the § 2255 motion on a procedural ground, Brown must satisfy both prongs of the test articulated in Slack v. McDaniel, 529 U.S. 473, 484-485 (2000), to be entitled to a Certificate of Appealability. To satisfy the first prong of this test, Brown must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. To satisfy the second prong, she must show "jurists of reason would not find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Brown makes an insufficient showing on one part. Id.

5

at 485.  For example, if the Court determines that Brown fails to satisfy the procedural prong then it need not determine whether the Constitutional prong is satisfied.  Id.

For the reasons set forth above, a plain procedural bar exists that jurists of reason would not find debatable.  Id. at 484.  Therefore, the undersigned recommends that a Certificate of Appealability be DENIED as to the claim that Brown raises in her § 2255 motion.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Brown's motion pursuant to § 2255 be DENIED.  It if further recommended that a Certificate of Appealability be DENIED.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be filed

within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:       Dora Brown, *pro se*
                Counsel of Record